IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES MONTEZE HARMER, : | |
| #40784-037 : | |
|    Petitioner : | |
| : | |
| v. : | Civil Action No.  CCB-09-2217 |
| : | |
| UNITED STATES OF AMERICA : | |
|    Respondent : | |

**MEMORANDUM**

Charles Monteze Harmer moves for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.[1]  Counsel for the United States moves for dismissal of the motion and Harmer has replied.  After careful review of the pleadings and law, the court determines a hearing is unnecessary.  The court shall dismiss the motion by separate order.

**Background**

Harmer filed his motion for return of property on August 14, 2009,  requesting return of $745.00 seized by the Maryland State Police on November 6, 2002, during the execution of a valid state search and seizure warrant at his two Kent County residences. During the search, Harmer made incriminating statements concerning knowledge of the drugs recovered from the residences.   The property was processed and held as evidence by the Chestertown Police Department.  Harmer does not dispute that the property was neither seized by nor placed in the custody of federal officers.

Harmer was charged in the Circuit Court for Kent County with several drug-related offenses.  In 2003, the state charges were dismissed after the Circuit Court granted Harmer's

---

[1]  Rule 41(g) motions are civil insofar as they do not involve punishment for an offense but rather seek  the return of property or money from the government. *See United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000)(discussing former Rule 41(e)).

motion to suppress the statements he made during the search.

In May of 2003, a federal indictment was returned charging Harmer with drug offenses arising from the Kent County investigation. A federal jury convicted Harmer of distribution and possession of with intent to distribute cocaine and cocaine base, and on February 14, 2005 he was sentenced to two concurrent 262-month terms of incarceration. *See United States v. Harmer*, CCB-03-216 (D. Md). His conviction was affirmed on appeal. *United States v. Harmer*, 182 Fed. Appx. 194 (4th Cir. 2006). The Fourth Circuit mandate issued June 30, 2006.

Although Harmer was prosecuted and convicted in this district, the property he is requesting is not and never was in federal custody. The currency was held by the Chestertown Police Department. (Docket Entry No. 8, Respondent's Exhibits A and B.) According to Robert Strong, Jr., State's Attorney for Kent County, the Kent County Narcotics Task Force seized and held the $ 745.00, and the statutory one-year period prescribed for reclaiming the property has elapsed. (Docket Entry No. 8, Respondent's Exhibit B.)[2] Respondent's counsel has searched the Department of Justice Computerized Asset Tracking System to confirm that no property seized from Harmer is in federal custody or was processed for forfeiture.

**Analysis**

The federal government was not the seizing agency and never had custody over the currency at issue. Harmer does not allege that the property was seized by the United States or that state or local law enforcement officials were acting as federal agents at the time of the arrest and seizure. The court cannot order the United States to return property that never was in its

---

2  A defendant has "1 year after the final disposition of the criminal charge for the violation giving rise to the forfeiture" to claim property. *See* Md. Code Ann. Crim. Proc., § 12-304(a)(2) (West 2010). The final disposition of Harmer's federal case was no later than the fall of 2006.

possession.  *See, e.g., United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997).³  Consequently, the motion for return of property will be denied.  An order consistent with this memorandum follows.


   March 11, 2010                                                           /s/
Date                                                                    Catherine C. Blake
                                                                          United States District Judge

---

3  Harmer points out that the seizure of the currency was testified to as evidence during his criminal trial.  (Docket Entry No. 11, Traverse at 1.)  This does not mean the federal government had custody or control, however, over the actually currency.  (Nor does this create a due process violation as to Harmer's federal trial.)